# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| DOLLY, INC., | No. 53388-0-II |
| Appellant, | |
| v. | |
| WASHINGTON STATE UTILITIES AND TRANSPORTATION COMMISSION, a Washington state agency, | UNPUBLISHED OPINION |
| Respondent. | |

LEE, C.J. — Dolly, Inc. (Dolly) appeals the order of the Washington State Utilities and Transportation Commission (Commission), which found that Dolly had engaged in regulated activities without a permit and imposed penalties for numerous instances of advertising to provide regulated activities. Dolly argues that the Commission's order is invalid because (1) the Commission erroneously interpreted or applied the law in finding that Dolly had engaged in regulated activities, (2) the Commission's finding that Dolly advertised on Yelp and through newspaper articles was not supported by substantial evidence, and (3) the Commission failed to follow proper procedures.

Dolly has waived its challenges based on the erroneous interpretation or application of the law and substantial evidence by failing to raise them before the Commission. Dolly's challenge

based on the failure to follow procedures fails because Dolly has not met its burden to show prejudice. Accordingly, we affirm the Commission's order.

FACTS

A. SPECIAL PROCEEDING AND COMPLAINT

Dolly is an online platform and application that customers can use to arrange the transport, pickup, or delivery of items. On January 10, 2018, the Commission issued an order instituting a special proceeding and a complaint seeking to impose penalties (Order 01) against Dolly for engaging in regulated carrier services without a required permit. Order 01 stated that the Commission had information leading it to believe that Dolly violated Title 81 RCW "that forbid engaging in business as a household goods carrier or advertising for the transport of property without first obtaining the necessary permits" on 22 occasions. Administrative Record (AR) at 72. Order 01 also contained allegations that Dolly violated provisions of Title 81 RCW related to hauling solid waste for compensation. Order 01 specifically stated that "[u]pon proof of these allegations, RCW 81.04.510 authorizes the Commission to issue an order requiring Dolly to cease and desist activities subject to regulation under Title 81 RCW." AR at 72-73.

In addition to the special proceeding to determine whether Dolly engaged in activities subject to regulation by the commission, Order 01 alleged specific violations of the law that subjected Dolly to penalties:

> The Commission alleges that Dolly violated RCW 81.80.075 a total of 11 times by engaging in business as a household goods carrier without first having obtained a permit from the Commission. Specifically, Dolly engaged in business as a household goods carrier 11 times by advertising to do so on its company website, billboards, Facebook, Instagram, Twitter, LinkedIn, iTunes, Craigslist, YouTube, Pinterest, Yelp, and newspaper articles.

No. 53388-0-II

> Dolly violated RCW 81.80.355 a total of 11 times by advertising for the transportation of property within this state without first having obtained from the Commission a common carrier permit. Specifically, Dolly advertised for the transport of property for compensation on its company website, billboards, Facebook, Instagram, Twitter, LinkedIn, iTunes, Craigslist, YouTube, Pinterest, Yelp, and newspaper articles.
>
> Dolly violated RCW 81.77.040 by operating for the hauling of solid waste without first having obtained from the Commission a certificate of public convenience and necessity. Specifically, Dolly operated for the hauling of solid waste a total of three times by advertising to do so on its website, YouTube, and Yelp.

AR at 78.

Order 01 also sought penalties for specific instances of advertising that subjected Dolly to monetary penalties. Order 01 contained three separate requests for monetary penalties:

> Staff requests that the Commission, pursuant to its authority under RCW 81.04.380 and RCW 81.80.075, assess penalties of up to $5,000 against Dolly for each violation of RCW 81.80.075.
>
> Staff also requests that the Commission, pursuant to its authority under RCW 81.04.380 and RCW 81.80.360, assess penalties of up to $1,000 against Dolly for each violation of RCW 81.80.355.
>
> In addition, Staff requests that the Commission, pursuant to its authority under RCW 81.04.380, assess penalties of up to $1,000 against Dolly for each violation of RCW 81.77.040 and RCW 81.77.090(2).

AR at 78.

Order 01 also sought an order for "Dolly to cease and desist activities subject to regulation under Title 81 RCW until it has obtained the necessary authority from the Commission." AR at 78. And Order 01 required Dolly to appear,

> to give testimony and evidence under oath as to its operations. The burden of proving that the alleged operations are not subject to the provisions of Title 81 RCW shall be upon Dolly as provided by RCW 81.04.510.

3

AR at 79. Order 01 further provided notice that a brief adjudicative proceeding regarding the complaint for penalties would be held at the same time as the special proceeding.

B.    HEARING

At the brief adjudicative hearing before an administrative law judge (ALJ), Susie Paul, a compliance investigator for the Commission, testified regarding her investigation into Dolly's operations. Paul testified that she became aware of Dolly in 2015, after receiving complaints that Dolly was operating without required permits. Paul met with staff from Dolly and was told that Dolly simply connected drivers and customers and that the contract for services was between the driver and the customers.

In 2017, Paul received additional information about Dolly's operations and contacted Mike Howell, one of the founders of Dolly. After Howell further explained the Dolly business model, Paul determined Dolly should be classified as a household goods carrier, and she told Howell that she would be recommending a classification hearing. Paul explained that Dolly had never obtained a household goods carrier permit, a common carrier permit, or a certificate of convenience and public necessity authorizing it to operate for the hauling of solid waste.

Paul also testified about Dolly's business model. Paul stated that a customer uses Dolly's application to enter information about the move, such as the location of pick-up and delivery and the number of items to be moved. After providing the information, Dolly provides the customer with a price quote for the job. The customer pays Dolly directly through the application. Dolly does not own any vehicles or employ any drivers. Instead, Dolly contracts with independent "helper[s]" to perform the transportation services. Transcript at 28.

4

No. 53388-0-II

Paul also detailed the advertisements she relied on to support the complaint for penalties. The following advertisements were admitted as exhibits at the hearing:

- Dolly's website which included statements such as "Moving & Delivery Help, When You Need It" and claimed common services are mini/small moves of one or a few items, apartment moves including larger items like beds and dressers, and Craigslist pickups and deliveries, moves to/from storage units, pickups and delivery from retail stores, and junk removal  AR at 367.
- A newspaper article regarding a billboard Dolly placed in a Seattle Neighborhood, the article described Dolly's services and included a quote from co-founder Chad Wittman explaining Dolly was founded to provide a better way to move items
- Dolly's Facebook page which showed two men wearing Dolly T-shirts; the Facebook page also described Dolly's services and how to use Dolly
- Dolly's Twitter page which also showed two men in Dolly T-shirts; the Twitter page stated "Dolly—Truck & Muscle Anytime You Need It. Use our app to load, haul, and deliver just about anything, whenever you need it!" AR at 380A.
- Dolly's LinkedIn page which shows men in Dolly T-shirts loading furniture into a truck with a description of Dolly's services and how to use the app
- Dolly's iTunes page describing the Dolly app: "Dolly connects you with truck and muscle, anytime you need it.  The perfect alternative to traditional movers—our app connects you with vetted, independent pick-up truck owners when you need help with moving, hauling, and junk removal.  Dolly is a fast, easy, and affordable way to get help with your apartment move, to pick up that exercise bike . . ." AR at 380C.
- A Craigslist post stating "Need a truck to movers? Use the new Dolly app instead" AR at 381.
- Videos on YouTube describing what Dolly is and how to use it
- Dolly's posts on Pinterest documenting things such as "The Moves We Made: Dolly's 2017 in Review" AR at 384.
- Dolly's Instagram posting a newspaper article describing Dolly as an "Online mover" AR at 385.
- Dolly's claimed Yelp page listing Dolly under movers, courier and delivery services, and junk removal and hauling

Paul testified that by claiming the Yelp page, Dolly acknowledged that the company on the page was their company.  Claiming the Yelp page also allows a company to respond to reviews about the company posted on the Yelp page.

5

No. 53388-0-II

C.    INITIAL ORDER AND CORRECTED ORDER

Following the hearing, the ALJ issued its initial order classifying Dolly as a household goods carrier, issuing a cease and desist order, and imposing penalties (Order 02). In Order 02, the ALJ found that "Dolly, Inc. is a 'household goods carrier' as that term is defined in RCW 81.80.010(5) because it has continuously since 2015 advertised, solicited, offered, or entered into agreements to transport household goods." AR at 132. Order 02 stated that,

> Dolly, Inc. is classified as a household goods carrier within the state of Washington, a common carrier transporting property other than household goods in the state of Washington, and a solid waste company offering to pickup, transport, and dispose of solid waste in Washington.

AR at 133. Order 02 required Dolly to

> cease and desist operations as a household goods carrier within the state of Washington, a common carrier transporting property other than household goods in the state of Washington, and a solid waste company . . . and the Company must refrain from all such operations unless and until it first obtains a permit from the Commission.

AR at 134.

Order 02 also found that Dolly violated RCW 81.80.075(1)[1] by advertising as a household goods carrier at least 11 times. And Dolly violated RCW 81.80.355[2] at least 11 times by

---

[1] RCW 81.80.075(1) states that "[n]o person shall engage in business as a household goods carrier without first obtaining a household goods carrier permit from the commission."

[2] RCW 81.80.355 states,

> Any person not holding a permit authorizing him or her to operate as a common carrier, contract carrier, or temporary carrier for the transportation of property for compensation in this state, or an exempt carrier, who displays on any building, vehicle, billboard, or in any manner, any advertisement of, or by circular, letter, newspaper, magazine, poster, card, or telephone directory, advertises the

6

advertising to transport property other than household goods for compensation. Finally, Order 02 found that Dolly violated RCW 81.77.040[3] at least three times by advertising to haul solid waste for compensation. As a result of these violations, Dolly was assessed a penalty of $69,000. Dolly was also required to "remove immediately its web-based application from the Internet and its presence from Facebook, Twitter, Pinterest, and any other social media sites or other platforms it uses or has used to make its services known." AR at 134. Order 02 notified the parties that a petition for review should be filed in accordance with WAC 480-07-610(7).

Four days after Order 02 was filed, the Commission staff (Staff) filed a petition for administrative review. Staff argued that the ALJ's order violated the Commerce Clause of the United State Constitution because the requirement to remove the application and social media sites "goes well beyond requiring Dolly to modify its advertisements to cease and desist from unpermitted operations in the state of Washington; it impermissibly requires actions that affect Dolly in the six other states in which it operates." AR at 140.

---

transportation of property for compensation shall be guilty of a misdemeanor and punishable as such.

[3] RCW 81.77.040 provides, in relevant part,

A solid waste collection company shall not operate for the hauling of solid waste for compensation without first having obtained from the commission a certificate declaring that public convenience and necessity require such operation. Operating for the hauling of solid waste for compensation includes advertising, soliciting, offering, or entering into an agreement to provide that service.

No. 53388-0-II

In response to Staff's petition, the ALJ issued a notice of correction of Order 02. The ALJ stated that Staff's petition would be treated as a motion to correct an obvious error. The ALJ's notice stated,

> Although Order 02 clearly is concerned with, and discusses exclusively, Dolly's activities in the state of Washington, it is true that the quoted language from the order does not recognize that Dolly's Internet presence is not limited to the state of Washington. Dolly, in fact, operates in states other than Washington and may rely on the same Internet presence and platforms in other states. Overlooking these facts is an obvious error in Order 02 that requires correction, as provided under WAC 480-07-875(2).

AR at 143. As a result, the ALJ issued a corrected order to address the issues it noted (Corrected Order 02).

Corrected Order 02 ordered that,

> Dolly, Inc. is required to state clearly in its web-based application on the Internet and in its advertising on Facebook, Twitter, Pinterest, and any other social media sites or other platforms it uses or has used to make its services known that it does not offer or perform services in the state of Washington as a household goods carrier, as a common carrier transporting property other than household goods, or as a solid waste hauler.

AR at 160.

Three days after the ALJ issued Corrected Order 02, Dolly filed an answer supporting Staff's petition for administrative review even though the ALJ had already provided notice of the corrected order. Dolly agreed with Staff that Order 02 violated the commerce clause. Dolly also made additional arguments challenging the merits of Order 02 and requesting that Order 02 be stayed or rescinded.

8

No. 53388-0-II

D.   PETITION FOR ADMINISTRATIVE REVIEW

In addition to filing an answer supporting Staff's petition for administrative review, Dolly

filed its own petition for administrative review.  Dolly's petition for review challenged Order 02

and Corrected Order 02.  Dolly raised 11 issues related to the procedure by which Staff challenged,

and the ALJ corrected, Order 02.  Dolly asserted that Order 02 was the only valid order in the

record and argued that Order 02 should be reversed and rescinded in its entirety.  Alternatively,

Dolly raised an additional 11 issues challenging Corrected Order 02.

The Commission rejected Dolly's arguments and issued a final order (Order 04) denying

Dolly's petition for administrative review.[4]  The Commission denied Dolly's claims regarding the

ALJ's notice of correction, explaining that,

> Dolly cannot reasonably argue that it was deprived of its right to complain against
> a possible or arguable constitutional infirmity that has since been cured, and thus
> rendered moot.  Whether we affirm the ALJ's correction to [Order 02] or
> independently adopt that correction on review, the result is the same.  Additionally,
> Dolly's answer to Staff's Petition contained the same arguments it later set forth in
> its own Petition; the Company is therefore unable to establish that it was somehow
> prejudiced or deprived of its right to be heard.

AR at 294-95.  Furthermore, the Commission determined that the ALJ properly treated the State's

petition for administrative review as a motion for correction and issued Corrected Order 02 under

WAC 480-07-395(4).[5]

---

[4]  Order 03 is an order granting Staff's motion for a continuance.  Order 03 is not at issue in this
appeal.

[5]  WAC 480-07-395(4) states,

> The commission will liberally construe pleadings and motions with a view to effect
> justice among the parties.  The commission will consider pleadings and motions
> based primarily on the relief they request and will not rely solely on the name of

9

Dolly challenged the ALJ's classification of Dolly as a household goods carrier, a common carrier, and a solid waste company because Staff had failed to present evidence of specific agreements to transport goods, Dolly ensures it does not advertise regulated services, and Dolly's unique business model is outside the Commission's statutory authority. The Commission affirmed the ALJ's finding that Dolly should be classified as a household goods carrier, a common carrier, and a solid waste collection company. The Commission found that consumers contact Dolly to arrange the transportation of goods and that Dolly establishes the rates, terms, and conditions of the transportation. The Commission concluded that the fact that Dolly then delegates the actual transportation of the goods to a third party is not a legally significant distinction. Accordingly, the Commission determined that Dolly's activities subject "Dolly to Commission regulation under RCW 81.80.075, RCW 81.80.070, and RCW 81.77.040." AR at 291.

Dolly also challenged the ALJ's penalty calculation, arguing that it can only be assessed a single penalty for each "medium" that it used to advertise (i.e, that it was subject to a single penalty based on internet advertising rather than each platform or website on which Dolly advertised). The Commission disagreed and affirmed the ALJ's penalty calculation.[6] The Commission found that Dolly advertised as a household goods carrier using at least 11 platforms and assessed a $5,000 penalty for each violation. The Commission found Dolly also advertised to transport goods other

---

the document. The commission, at every stage of any proceeding, will disregard errors or defects in pleadings, motions, or other documents that do not affect the substantial rights of the parties.

[6] Dolly also raised constitutional challenges to Corrected Order 02 and argued that recent legislative action proved Dolly was not subject to regulation by the Commission. However, Dolly does not raise these arguments on appeal before this court.

than household goods using at least 11 platforms and assessed $1,000 for each violation. Finally, the Commission found that Dolly advertised as a solid waste hauler at least three times and assessed $1,000 for each violation.

Based on its findings, the Commission entered the following "orders,"

(1) The Commission denies Dolly, Inc.'s Petition for Administrative Review of Corrected Order 02 and affirms and adopts that order, which is attached as Appendix A.

(2) Dolly, Inc. must immediately cease operating as a household goods carrier, common carrier, and solid waste collection company unless it obtains authority from the Commission.

(3) Dolly, Inc. must clearly indicate in its web-based application on the Internet and in its advertising on Facebook, Twitter, Pinterest, and any other social media sites or other platforms it uses or has used to make its services known that it does not offer or perform services in the state of Washington as a household goods carrier, as a common carrier transporting property other than household goods, or as a solid waste hauler unless it obtains authority from the Commission.

AR at 304. The Commission also entered orders providing for the suspension and payment of the $69,000 penalty.

E.      PETITION FOR JUDICIAL REVIEW

Dolly filed a petition for judicial review in superior court. On judicial review, Dolly argued that (1) the Commission erred by finding that Dolly entered into agreements to transport household goods and haul solid waste because the complaint did not allege Dolly entered agreements, (2) the Commission failed to follow prescribed procedures, and (3) substantial evidence does not support the finding that a Yelp page and newspaper articles are advertisements. The superior court affirmed Order 04.

Dolly appeals.

11

No. 53388-0-II

ANALYSIS

A.    LEGAL PRINCIPLES FOR REVIEW UNDER THE ADMINISTRATIVE PROCEDURE ACT (APA)

The Washington APA, chapter 34.05 RCW, governs judicial review of agency actions. *Crosswhite v. Dep't of Soc. of Health Servs.*, 197 Wn. App. 539, 547, 389 P.3d 731, *review denied*, 188 Wn.2d 1009 (2017).  We review the final order of the agency order rather than the ALJ's  or the superior court's orders. *Verizon Nw., Inc. v. Employment Sec. Dep't*, 164 Wn.2d 909, 915, 194 P.3d 255 (2008).  We will grant relief from an agency order only if one of the nine statutory requirements in RCW 34.05.570(3) is met.  RCW 34.05.570(3).  The burden of demonstrating the invalidity of the agency action is on the party asserting the agency order is invalid.  RCW 34.05.570(1)(a).

RCW 34.05.570(3) determines whether relief from an agency action can be granted.  Dolly argues that the order is invalid under RCW 34.05.570(3)(c), (d), and (e).   Therefore, as relevant here, we will grant relief from an agency action only if we determine that,

> (c) The agency has engaged in unlawful procedure or decision-making process, or has failed to follow a prescribed procedure;
> (d) The agency has erroneously interpreted or applied the law; [or]
> (e) The order is not supported by evidence that is substantial when viewed in light of the whole record before the court, which includes the agency record for judicial review, supplemented by any additional evidence received by the court under this chapter[.]

RCW 34.05.570(3).

B.    WAIVER

As an initial matter, Staff argues that Dolly has waived the majority of its arguments under RCW 34.05.554.  We agree that Dolly waived its arguments challenging the finding that Dolly

12

was subject to regulation because it entered into agreements and the finding that Dolly advertised through Yelp and newspaper articles.

RCW 34.05.554(1) provides that "[i]ssues not raised before the agency may not be raised on appeal."[7] When we are reviewing a case under the APA, RCW 34.05.554(1) "is more than simply a technical rule of appellate procedure; instead, it serves an important policy purpose in protecting the integrity of administrative decisionmaking." *King County v. Wash. State Boundary Bd. for King County*, 122 Wn.2d 648, 668, 860 P.2d 1024 (1993). "In order for an issue to be properly raised before an administrative agency, there must be more than simply a hint or a slight reference to the issue in the record." *Id.* at 670. Courts have only allowed new issues on appeal when the parties have ignored the governing law or when constitutional rights are at issue. *Id.* (citing *Maynard Investment Co., Inc. v. McCann*, 77 Wn.2d 616, 623, 465 P.2d 657 (1970); *State v. Hieb*, 107 Wn.2d 97, 108, 727 P.2d 239 (1986)).

---

[7] RCW 34.05.554 (1) contains certain exceptions that are not relevant to this appeal. The full text of RCW 34.05.554(1) provides,

> Issues not raised before the agency may not be raised on appeal, except to the extent that:
> (a) The person did not know and was under no duty to discover or could not have reasonably discovered facts giving rise to the issue;
> (b) The agency action subject to judicial review is a rule and the person has not been a party in adjudicative proceedings that provided an adequate opportunity to raise the issue;
> (c) The agency action subject to judicial review is an order and the person was not notified of the adjudicative proceeding in substantial compliance with this chapter; or
> (d) The interests of justice would be served by resolution of an issue arising from:
> (i) A change in controlling law occurring after the agency action; or
> (ii) Agency action occurring after the person exhausted the last feasible opportunity for seeking relief from the agency.

Here, Staff is correct in asserting that we are precluded from reviewing some of Dolly's arguments under RCW 34.05.554(1). First, Dolly argues that the Commission committed an error of law by making a finding that Dolly entered into agreements that subjected it to regulation by the Commission because whether Dolly entered into agreements was never a subject of the hearing before the ALJ. In the petition for administrative review, Dolly challenged the ALJ's finding by arguing that the finding was incorrect—Dolly did not argue that the ALJ committed an error of law by making the finding in the first place. And in Order 04, the Commission did not address whether the ALJ had authority to enter the finding; instead, the Commission only addressed whether the ALJ's finding was correct. Accordingly, Dolly raises for the first time on appeal the issue of whether it was an erroneous interpretation or application of the law for the ALJ and the Commission to even address whether Dolly's entering into agreements subjected Dolly to regulation, and we are precluded from reviewing Dolly's challenge under RCW 34.05.554(1).

Second, Dolly argues that the Commission's finding that Dolly advertised through Yelp and newspaper articles was not supported by substantial evidence because the Yelp page and newspaper articles are not advertisements. However, before the Commission, Dolly only argued that the penalty was incorrect because the Commission could only impose an advertising penalty based on the advertising medium. Dolly did not argue that Yelp and newspaper articles are not advertisements before the Commission. Therefore, Dolly rasies this argument for the first time on appeal, and we are precluded from reviewing the challenge under RCW 34.05.554.[8]

---

[8] Staff also argues that Dolly waived some of its arguments regarding the procedural challenge to the ALJ's notice to correct and Corrected Order 02. However, Dolly raised these arguments before the Commission on review, and therefore, we review Dolly's challenge to Order 04 based on RCW 34.05.570(3)(c).

C.    RCW 34.05.570(3)(c): FAILURE TO FOLLOW PROCEDURES

Dolly argues that the Commission failed to follow its procedures by (1) failing to comply with the appropriate procedures for challenging the ALJ's initial order (Order 02) and (2) improperly correcting the initial order (Corrected Order 02). However, Dolly fails to demonstrate how it was substantially prejudiced by the agency's actions. Therefore, Dolly has failed to meet its burden to show the agency's order was invalid under RCW 34.05.570(3)(c).

We review a challenge based on RCW 34.05.570(3)(c) de novo. *Kittitas County v. E. Wash. Growth Mgmt. Hr'gs Bd.*, 172 Wn.2d 144, 155, 256 P.3d 1193 (2011). Even if an agency engages in unlawful procedure, a petitioner for judicial review is not entitled to relief unless it can show that it was "substantially prejudiced by the action complained of." RCW 34.05.570(1)(d); *Densley v. Dep't of Ret. Sys.*, 162 Wn.2d 210, 226, 173 P.3d 885 (2007).

First, Dolly asserts that the "Commission failed to follow its prescribed procedure when it allowed the presiding ALJ to issue Corrected Order 02 before Dolly's time had expired to challenge Initial Order 02." Br. of Appellant at 26. Dolly contends that this failure foreclosed Dolly's right to respond to Staff's petition and file its own challenges to Order 02. However, this contention is belied by the record in this case.

Here, Dolly filed a response to Staff's petition and its own petition for administrative review that raised numerous issues, including challenges to Order 02, Corrected Order 02, and the ALJ's decision to issue the Corrected Order 02. Although Staff challenged Dolly's ability to file both a response and its own petition for review, the Commission addressed all of Dolly's challenges and arguments in its Order 04. Therefore, Dolly was not prevented from presenting its arguments to the Commission on administrative review. Regardless of whether the Commission

15

failed to follow appropriate procedures in this case, Dolly was not substantially prejudiced because the Commission ultimately reviewed and considered all of Dolly's arguments.

Second, Dolly asserts that the ALJ failed to follow proper procedures by treating Staff's petition for review as a petition to correct an obvious error because the corrections made by the ALJ were substantive in nature. However, Dolly does not explain how it was substantially prejudiced by the ALJ's action. As explained above, Dolly had an opportunity to raise all of its challenges to the Order 02 and Corrected Order 02 before the Commission on administrative review. Furthermore, the Commission found that regardless of the procedures used to modify the ALJ's Order 02, the result would have been the same. Therefore, Dolly has failed to demonstrate it was substantially prejudiced by the ALJ's decision to correct the initial order. Therefore, Dolly's challenge under RCW 34.05.570(3)(c) fails.

## ATTORNEY FEES

Dolly asks us to order the Commission to pay attorney fees under RCW 4.84.350. We deny Dolly's request for attorney fees.

RAP 18.1(b) requires that a party "devote a section of its opening brief to the request for the fees or expenses." Here, Dolly did not devote a section of its brief to the request for attorney fees as required by RAP 18.1(b). Instead, Dolly simply asks us to order the Commission to pay attorney fees in its concluding sentence. Because Dolly has failed to comply with the requirements of RAP 18.1(b), we deny Dolly's request for attorney fees.[9]

---

[9] Even if Dolly had properly requested attorney fees under RAP 18.1(b), it does not qualify for an award of attorney fees under RCW 4.84.350. RCW 4.84.350(1) provides,

No. 53388-0-II

We affirm the Commission's order.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040,

it is so ordered.

_____, C.J.
Lee, C.J.

We concur:

_____
Maxa, J.

_____
Cruser, J.

---

Except as otherwise specifically provided by statute, a court shall award a qualified
party that prevails in a judicial review of an agency action fees and other expenses,
including reasonable attorneys' fees, unless the court finds that the agency action
was substantially justified or that circumstances make an award unjust. A qualified
party shall be considered to have prevailed if the qualified party obtained relief on
a significant issue that achieves some benefit that the qualified party sought.

A qualified party is defined by statute as a corporation whose net worth did not exceed five million
dollars at the time the initial petition for judicial review was filed. RCW 4.84.340(5)(b). Dolly
has failed to identify anything in the record that supports a determination that Dolly's net worth
did not exceed five million dollars when the petition for judicial review was filed. Furthermore,
Dolly is not the prevailing party.

17